UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **HUNTER CLOUD AND TIMOTHY TREY CLOUD** | **CIVIL ACTION NO.:** _____ |
| **VERSUS** | **JUDGE** _____ |
| **STEVE ARDOIN, LA TASHA DOUGET, ROBERT MCGEE, ROSE WATKINS, AND THE TOWN OF MAMOU** | **MAGISTRATE JUDGE** _____<br><br>**DEMAND FOR TRIAL BY JURY** |

**COMPLAINT FOR DAMAGES**

The Complaint of HUNTER CLOUD and TIMOTHY TREY CLOUD, plaintiffs herein, respectfully shows:

1.

Plaintiffs bring this action to recover from the defendants compensatory damages, punitive damages, reasonable attorney's fees, judicial interest, and all costs and expenses incurred in these proceedings, pursuant to 42 United States Code, Sections 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and other applicable Federal and State statutes and constitutional provisions, based upon the following:

**PARTIES**

2.

The plaintiffs in this proceeding are:

    a.    **HUNTER CLOUD**, a person of the full age of majority who is a domiciliary of the Parish of Evangeline, State of Louisiana; he is a surviving son of the decedent, Timothy Louis Cloud; and

    b.    **TIMOTHY TREY CLOUD**, a person of the full age of majority who is a domiciliary of the Parish of Evangeline, State of Louisiana; he is a surviving

son of the decedent, Timothy Louis Cloud.

3.

Made defendants herein are the following:

a. **STEVEN ARDOIN**, also known as Steve Ardoin, (referenced hereinafter as "Ardoin") a person of the full age of majority who is believed to be a resident and domiciliary of the State of Louisiana, employed at all times material to this Complaint by The Town of Mamou as a law enforcement officer acting under color of state law, who may be served at the Mamou City Jail, located at 501 Main St., Mamou, Louisiana 70554;

b. **LA TASHA DOUGET**, also known as Tosha Douget and/or Tasha Douget, (referenced hereinafter as "Douget") a person of the full age of majority who is believed to be a resident and domiciliary of the State of Louisiana, employed at all times material to this Complaint by The Town of Mamou as a law enforcement officer acting under color of state law, who may be served at the Mamou City Jail, located at 501 Main St., Mamou, Louisiana 70554;

c. **ROBERT MCGEE** (referenced hereinafter as "McGee"), a person of the full age of majority who is believed to be a resident and domiciliary of the State of Louisiana, employed at all times material to this Complaint by The Town of Mamou as a law enforcement officer acting under color of state law, who may be served at USP Atlanta, 601 McDonough Blvd. SE, Atlanta, GA 30315;

d. **ROSE WATKINS** (referenced hereinafter as "Watkins"), a person of the full age of majority who is believed to be a resident and domiciliary of the State of Louisiana, employed at all times material to this Complaint by The Town of Mamou as a law enforcement officer acting under color of state law, who may be served at the Mamou City Jail, located at 501 Main St., Mamou, Louisiana 70554; and

e. **THE TOWN OF MAMOU**, a municipality of the State of Louisiana, which may be served through its chief executive office, Mayor Ricky Fontenot, at 625 6th Street, Mamou, Evangeline Parish, Louisiana, 70554

Reference to "defendants" herein shall mean one or more of the individuals and entities described in subparagraphs a through e, above, and participants and/or co-conspirators acting in concert with them.

2

## JURISDICTION AND VENUE

4.

This is a civil action seeking damages against defendants for committing, and conspiring to commit, acts, under color of law, which subjected Timothy Louis Cloud to inhumane treatment prohibited by the United States Constitution and which deprived him of rights secured under the Constitution and laws of the United States and which deprived him of liberty and property without due process of the law and of equal protection of the laws, as guaranteed to Timothy Louis Cloud by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and other statutes and constitutional provisions.   This cause of action arises under the Constitution of the United States and the provisions of 42 United States Code, Sections 1983 and 1988.   This Court has jurisdiction pursuant to 28 United States Code, Sections 1331 and 1343.

Jurisdiction of this Court is further invoked pursuant to 28 United States Code, Section 1367, in its exercise of supplemental jurisdiction over Louisiana State Law claims that are so related to claims in the action within the District Court's original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

5.

Venue is proper in this district and division pursuant to 28 United States Code, Section 1391 (b).

## STATEMENT OF FACTS & CLAIMS

6.

Timothy Louis Cloud had only two natural, biological children, namely two sons: Hunter Cloud and Timothy Trey Cloud.   Timothy Louis Cloud had no other biological or legal

children and at the time of the incident alleged herein and Timothy Louis Cloud was not married.

7.

Timothy Louis Cloud died on or about June 1, 2015, while incarcerated at The Town of Mamou jail located in Mamou, Evangeline Parish, Louisiana.

8.

The Town of Mamou jail (referenced hereinafter as "Mamou jail") is owned and operated by The Town of Mamou.

9.

While incarcerated at the Mamou jail, Timothy Louis Cloud hung himself in a holding cell with his pants while handcuffed and thereafter died.

10.

On or about June 1, 2015, at approximately 7:53 p.m., the decedent, Timothy Louis Cloud, was arrested and being booked by police officers, including Ardoin and Douget, who were the employees and/or agents of the Town Of Mamou.

11.

When the decedent, Timothy Louis Cloud, was arrested by the police officers, he was in an extremely distressed and distraught mental condition, which was known and/or should have been known to the police officers.

12.

Ardoin told coroner investigator, Ezekiel "Bo" Thomas, that Timothy Louis Cloud was very combative, even banging his head against the wall while being handcuffed.

13.

This exhibited self-destructive behavior, along with cursing and screaming, clearly was a situation wherein Timothy Louis Cloud presented a significant risk to himself.

14.

This observance of Timothy Louis Cloud's agitation and self-destructive behavior, along with other factors discussed below, should have triggered direct observation in jail, especially when placed in solitary confinement.

15.

Suicide is the leading cause of death for jail inmates.

16.

Suicide risk is highest during the first 24 hours of incarceration.

17.

Timothy Louis Cloud was placed in Mamou jail holding cell by Ardoin at around 8:08 p.m., June 1, 2015.

18.

While in the holding cell, Timothy Louis Cloud continued to exhibit self-destructive behavior by banging his head on the floor.

19.

Over a period of time, Timothy Louis Cloud removed his pants, tied his pants to an overhead pipe and then to his neck and eventually dropped from the bunk bed, hanging himself at approximately 8:17 p.m., June 1, 2015.

20.

At approximately 9:05 p.m., June 1, 2015, McGee and Ardoin found Timothy Louis

Cloud hanging in the holding cell, at which time McGee poked Timothy Louis Cloud in the ribs through the jail cell bars.    There was no attempt to rescue or provide assistance to Timothy Louis Cloud by the defendants herein.

21.

At approximately 9:09 p.m., June 1, 2015, Ardoin opened the jail cell, cut the pants from which Timothy Louis Cloud was hanging, thereby causing Mr. Cloud to fall to the floor.

22.

Suicide tendency screening and suicide prevention protocols must be followed with all persons being arrested.

23.

Timothy Louis Cloud exhibited behavior that should have triggered suicide prevention screening and protocols, including direct observation during the first 24 hours of incarceration.

24.

Due to the known risk of suicide, the jailer-inmate relationship is an exceptional situation wherein the jailer has a duty to protect the inmate against a known possibility of self-inflicted harm.    In this case, the defendants had a duty to protect Timothy Louis Cloud from committing self-inflicted harm and/or suicide.

25.

Timothy Louis Cloud was monitored by video while in the holding cell and such video has been recorded, except for a portion of the video displaying a frozen or still screen for two minutes and 59 seconds after Timothy Louis Cloud was initially discovered hanging.

26.

Ardoin, Douget, McGee, and Watkins had a duty to monitor Timothy Louis Cloud and

failed to properly monitor him.

27.

The defendants imprisoned Timothy Louis Cloud in the Mamou jail without proper prior mental evaluation, mental treatment and/or supervision.

28.

The defendants had an active video camera focused continuously on the cell occupied by Timothy Louis Cloud prior to his hanging and for the 47 minutes while he was hanging until purportedly discovered.

29.

Defendants should have and could have been monitoring Timothy Louis Cloud by way of audio/video transmission which would have alerted the defendants to Mr. Cloud's continued self-destructive behavior and his overt actions of making preparations to hang himself.

30.

The defendants were aware of Timothy Louis Cloud's emotional distress, self-destructive behavior, and suicidal risk factors.

31.

Most inmate suicides are by hanging which can result in death in approximately five minutes.

32.

Because of the risk factors of being placed in solitary confinement during the first 24 hours of incarceration after exhibiting extreme agitation and self-destructive, head-banging behavior, Timothy Louis Cloud should never have been allowed to have any item in his cell that would have allowed him to hang himself and he should have never been placed in a cell that had

7

an available overhead pipe for hanging.

33.

Timothy Louis Cloud should have been held in a suicide resistant cell which would have deprived him of items that could have been used to kill himself.

34.

The defendants failed to properly respond to the warning signs of Timothy Louis Cloud's impending suicide.

35.

The defendants did not have effective or proper protocols for the prevention of suicide among inmates, and if they did, such protocols were not followed.

36.

Any self-destructive behavior by an inmate that indicates suicide, however slight, should always be taken seriously.

37.

Any suspicion that an inmate may be actively at risk of suicide should be communicated to a mental health professional and this was not done in this case by the defendants.

38.

The defendants did not have proper and adequate written policies and procedures for both preventing suicides and responding to suicide attempts that may occur.

39.

The defendants failed to perform even the simplest of remedies which could have and/or would have prevented Timothy Louis Cloud's death; these failures include, but are not limited to:

    a.    Not taking Mr. Cloud to a hospital for a formal psychiatric evaluation;

    b.    Not providing to all employees basic training on suicide risk detection;

    c.    Allowing items in the holding cell, including, but not necessarily limited to, pants and an overhead pipe, which could be used for hanging oneself;

    d.    Not having and/or using an adequate camera and surveillance system;

    e.    Not adequately monitoring Timothy Louis Cloud through the use of the surveillance camera and/or other means.

    f.    Not having a jailer regularly inspect the cell occupied by Mr. Cloud;

    g.    Not placing Mr. Cloud on suicide watch with constant surveillance;

    h.    Not placing Mr. Cloud in a suicide-safe cell rather than a cell with all of the equipment and means to commit suicide and which was not being monitored by a surveillance system and/or the defendants.

    i.    Not having proper methods and procedures for screening inmates who may be at risk for suicide.

    j.    Not properly screening inmates for risk of suicide.

    k.    Not placing Mr. Cloud in a cell which would easily allow viewing by persons from outside of the cell.

40.

The defendants had specific and actual knowledge of the threat posed to the safety and welfare of Timothy Louis Cloud prior to and after being placed solitarily in a holding cell at the Mamou jail.

41.

All or some of the defendants had the power, authority, and duty to effectuate changes to the conditions and operations of the Mamou jail but none of the defendants took proper actions to make any changes to the dangerous and substandard conditions and operations of the Mamou jail that led to Timothy Louis Cloud's death.

42.

The defendants were deliberately indifferent to the conditions and operations which exposed Timothy Louis Cloud to a substantial risk of serious danger to health, safety, and life.

43.

Timothy Louis Cloud suffered prior to his death. Plaintiffs, as the survivors of Timothy Louis Cloud, are entitled to recover damages for a survival action and for a wrongful death action.

44.

Plaintiffs are entitled to damages for the emotional and physical pain and suffering of Timothy Louis Cloud prior to his death, and plaintiffs are entitled to damages for loss of emotional and financial support, loss of society, loss of consortium, loss of love and affection, loss of services, emotional pain and suffering, medical expenses, and funeral expenses.

45.

The actions and/or inactions of the defendants were grossly negligent and/or were performed with deliberate indifference to Timothy Louis Cloud's need for intervention and prevention of suicide.

46.

The defendants are not entitled to the defense of qualified immunity in that deliberate indifference to a dangerous jail condition violates the constitutional rights of any inmate harmed by the dangerous condition, and the defendants' actions and omissions were objectively unreasonable. Furthermore, the defendants' deliberate indifference to Timothy Louis Cloud's need for suicide intervention violated Mr. Cloud's constitutional rights.

47.

The defendants deliberately violated Timothy Louis Cloud's rights and recklessly

disregarded his rights. Therefore, the plaintiffs are entitled to punitive damages.

48.

Concerning his exhibited risk of suicide, Timothy Louis Cloud's medical needs were not assessed and Mr. Cloud was not provided medical treatment for his obvious medical needs. Mr. Cloud was not provided the basic human needs and protection necessary to insure his well being from suicide.

49.

Timothy Louis Cloud was placed solitarily in a cell without being placed on suicide watch because the defendants did not have adequate and proper jail classification and risk assessment programs in place.

50.

Timothy Louis Cloud was placed solitarily in a cell without being placed on suicide watch because the defendants did not have adequate medical staff to identify and treat the needs of Mr. Cloud or the other inmates.

51.

The defendants failed to insure that Timothy Louis Cloud's needs were properly addressed.

52.

The defendants failed to house Timothy Louis Cloud in a manner commensurate with his needs.

53.

The defendants were inadequately trained at the time Timothy Louis Cloud was taken into custody through the time he committed suicide.

54.

The defendants had inadequate, outdated and under maintained monitoring equipment.

55.

The defendants were not properly watching, monitoring, and/or reviewing the video monitor or other monitoring equipment at all proper times.

56.

The defendants were not properly supervising Timothy Louis Cloud, whether by direct supervision or otherwise.

57.

The defendants failed to provide Timothy Louis Cloud with adequate emergency medical care upon the discovery of Mr. Cloud hanging in his jail cell.

58.

The defendants had inadequate medical staff and emergency procedures to provide the emergency medical care that Timothy Louis Cloud needed after he was found.

59.

At all times material to this complaint, The Town of Mamou was responsible for the operation and budget of the Mamou jail and were responsible for the appointment of persons to supervise, monitor, and operate the Mamou jail, including the supervision and custody of Mamou jail inmates.

60.

The Town of Mamou is responsible for the acts and/or omissions and fault of its agents and employees under the theories of respondeat superior, agency, and/or vicarious liability.

61.

At all times material herein, the individual defendants were employees and officers of The Town of Mamou and they held the positions of police officers and/or jail attendants. As law enforcement officers and jail attendants, they were responsible for the day to day operation and supervision of the Mamou jail, its inmates and employees, including Timothy Louis Cloud.

62.

To the plaintiffs' belief, the defendants had specific and/or actual and/or constructive knowledge of the dangerous and substandard conditions and operations of the Mamou jail and that such conditions posed an imminent threat to individuals incarcerated in the jail, including Timothy Louis Cloud; the defendants failed to take any action to remedy the dangerous conditions and operations; such action and inaction indicated deliberate indifference to Timothy Louis Cloud's conditions of confinement; their failure to act was a direct cause of Timothy Louis Cloud's suffering and death; and it was foreseeable that Timothy Louis Cloud would commit suicide.

63.

At all times material to this complaint, it is believed that there were employees of The Town of Mamou who worked as jailers whose identities are unknown. As jailers, it was their duty to operate the Mamou jail and to supervise, monitor, and provide medical treatment to the inmates, including Timothy Louis Cloud.

64.

To the plaintiffs' belief, various persons who were employed by The Town of Mamou whose identities are unknown, had specific knowledge of the dangerous and substandard conditions and operations of the Mamou jail and that such posed an imminent threat to any

individual incarcerated in the jail; such persons failed to take any action to remedy the dangerous conditions and operations; such action and inaction indicated deliberate indifference to Timothy Louis Cloud's conditions of confinement; such persons' failure to act was a direct cause of Timothy Louis Cloud's death; and it was foreseeable that Timothy Louis Cloud would commit suicide.

65.

At all times material to this complaint, defendants and other unnamed and/or unknown employees and/or agents of The Town of Mamou were acting in their individual capacities and were acting under the color of state law and statutes, customs, policies, ordinances and usages of the State of Louisiana.

## COUNT ONE
## FEDERAL LIABILITY OF INDIVIDUAL DEFENDANTS

66.

All of the allegations in the above paragraphs are hereby incorporated herein by reference as if specifically written herein.

67.

The plaintiffs assert, in accordance with the Fourteenth Amendment of the United States Constitution, that the defendants Ardoin, Douget, McGee, and Watkins unconstitutionally deprived Timothy Louis Cloud of his constitutional rights in that he was denied his right to substantive due process and equal protection by the failure of said defendants and/or other employees of the Town of Mamou to seek proper screening, treatment, and custody of Timothy Louis Cloud.

68.

As discussed above, Timothy Louis Cloud was incarcerated at the Mamou jail under

dangerous and substandard conditions and operations posing a substantial risk of serious harm; the actions and omissions of the defendants, who were at all times acting under the Color of State Authority in accordance with 42 USC 1983, constituted unlawful and malicious detention and confinement and they acted with intentional and deliberate indifference and callous disregard and were recklessly and/or grossly negligent with regard to the conditions of Timothy Louis Cloud's confinement and said defendants were aware of a specific, impending and substantial threat to the health and safety of Timothy Louis Cloud, thus depriving Timothy Louis Cloud of his rights as a detainee under the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States and 42 United States Code, Sections 1983 and 1988.

69.

These constitutional deprivations render said defendants, along with other unnamed and/or unknown co-conspirators, liable to the plaintiffs, jointly and severally, for full compensatory damages, including general damages, special damages (past, present and future medical expenses) and loss of consortium claims, attorney's fees, and costs of this action sufficient to remedy the damages to the plaintiffs and for additional punitive damages.

## COUNT TWO
## FEDERAL LIABILITY OF THE TOWN OF MAMOU

70.

All of the allegations in the above paragraphs numbered one through 69 are hereby incorporated herein by reference as if specifically written herein.

71.

Plaintiffs further assert that the actions of defendants Ardoin, Douget, McGee, and Watkins and/or other officers and employees of The Town of Mamou were in accordance with a custom or practice of The Town of Mamou, in that The Town of Mamou had a custom and

practice of violating the civil rights of inmates at the Mamou jail, all being actions in violation of the Fourteenth Amendment of the Constitution of the United States. Such prior actions include the 2015 civil rights conviction of former Mamou Police Chief Gregory Dupuis and the 2015 civil rights conviction of former Mamou Police Chief Robert McGee.

72.

These constitutional deprivations render The Town of Mamou liable to plaintiffs for full compensatory damages, including general damages and special damages (past, present, and future medical expenses), economic damages and wages, reasonable attorney's fees, and costs of this action.

## COUNT THREE
## STATE LAW CLAIMS AGAINST DEFENDANTS

73.

All of the allegations in the above paragraphs numbered one through 65 are hereby incorporated herein by reference as if specifically written herein.

74.

Pursuant to the Court's supplemental jurisdiction, plaintiffs show that the actions and inactions of the defendants deprived Timothy Louis Cloud of rights under the laws of the State of Louisiana, including but not limited to the Louisiana Constitution of 1974, as amended, and Louisiana Civil Code Articles 2315, 2317, and 2320, and including, but not limited to, theories of recovery such as wrongful death, survival action, negligence, gross negligence, intentional torts, respondeat superior, vicarious liability, and agency.

75.

These non-exclusive State Law deprivations render said defendants, along with other unnamed and/or unknown participants and/or co-conspirators, solidarily liable to said plaintiffs

for full compensatory damages, including general damages, special damages, medical expenses, burial expenses, loss of consortium claims, wrongful death claims, survival action claims, and costs of this action.

## COUNT FOUR
## INDEPENDENT STATE LAW LIABILITY OF THE TOWN OF MAMOU

76.

All of the allegations in the above paragraphs numbered one through 65 are hereby incorporated herein by reference as if specifically written herein.

77.

Pursuant to the Court's supplemental jurisdiction, plaintiffs show that the actions and/or inactions of The Town of Mamou, including the failure to train, the failure to have appropriate policies, and the failure to have proper facilities, deprived plaintiffs and Timothy Louis Cloud of rights under State Law, including the Louisiana Constitution of 1974, as amended, Louisiana Civil Code Article 2315, 2317, and 2320, and including, but not limited to, theories of recovery such as negligence, gross negligence, and intentional torts.

78.

These non-exclusive State Law deprivations render The Town of Mamou liable to plaintiffs for full compensatory damages, including general damages, special damages, medical expenses, burial expenses, loss of consortium claims, wrongful death claims, survival action claims, and costs of this action.

## COUNT FIVE
## VICARIOUS STATE LAW LIABILITY OF THE TOWN OF MAMOU

79.

All of the allegations in the above paragraphs numbered one through 65 and 73 through 75 are hereby incorporated herein by reference as if specifically written herein.

80.

Pursuant to the Court's supplemental jurisdiction, plaintiffs show that at all times material to this complaint, the listed individual defendants, and any other unnamed and/or unknown persons, were acting in their capacities as employees and/or agents of The Town of Mamou, thereby rendering The Town of Mamou liable for the acts of said individuals under the theories of agency, respondeat superior, and vicarious liability for all causes and claims stated herein arising under the laws of the State of Louisiana.

81.

All of the named defendants, along with other unknown participants or co-conspirators, are solidarily and/or jointly liable to plaintiffs for full compensatory damages, including general damages, special damages, medical expenses, burial expenses, loss of consortium claims, wrongful death claims, survival action claims, and costs of this action.

82.

All of the named defendants are joint tortfeasors with each other and other persons and entities that may be unnamed at this point, and all of them are jointly liable to the plaintiffs.

## REQUEST FOR TRIAL BY JURY

83.

Plaintiffs respectfully demand to have this case tried by a jury.

## PRAYER

WHEREFORE, PLAINTIFFS pray for judgment in their favor and against the defendants in the following particulars:

    a.    For judgment in favor of the plaintiffs and against the defendants, jointly and severally, for past, present, and future compensatory damages, including general damages, special damages, medical expenses, burial expenses, and loss of consortium claims;

b. For judgment in favor of the plaintiffs and against the defendants, Ardoin, Douget, McGee, and Watkins, jointly and severally, for appropriate punitive damages;

c. For judgment in favor of the plaintiffs and against the defendants, in solido, for past, present, and future compensatory damages, including general damages, special damages, medical expenses, burial expenses, loss of consortium claims, wrongful death claims, and survival action claims;

d. For reasonable attorney's fees;

e. For interest on all monetary awards from date of judicial demand until paid;

f. For all costs of this proceeding, including expert witness fees; and

g. Such other relief as this Court deems just and equitable.

    Respectfully submitted,

    THE LAW OFFICE OF ALLEN COOPER, L.L.C.
    551 Kings Highway
    Shreveport, Louisiana 71104
    Telephone:    (318) 865-5291
    Facsimile:    (318) 865-5120

    By: **s/ J. ALLEN COOPER, JR.**
    J. ALLEN COOPER, JR., T.A.
    Bar Roll No. 20762

    and

    SMITH & JOHN
    3646 Youree Drive
    Shreveport, Louisiana 71105
    (318) 219-1001 Telephone
    (318) 219-1002 Telecopier

    By: **s/ KENNETH CRAIG SMITH, JR.**
    Kenneth Craig Smith, Jr.
    Bar Roll No. 22623

    ATTORNEYS FOR PLAINTIFFS, HUNTER CLOUD and TIMOTHY TREY CLOUD